**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>      Plaintiff - Appellant,<br><br> v.<br><br>COUNTY OF CONTRA COSTA; CONTRA COSTA COUNTY SUPERIOR COURT; TERRI A. MOCKER, Judge; MICHELLE DAWSON; MICHAEL LEPIE; BROWN, Deputy District Attorney; LUCY GONZALEZ; CLIFTON HUFFMASTER; TERI BRANCO; ANDREW ADAMS, Deputy Attorney General; NICK BILLINGS; SIERRA DUGAN,<br><br>      Defendants - Appellees. | No. 25-2205<br><br>D.C. No. 3:25-cv-02910-CRB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 17, 2025[**]

Before: PAEZ, CHRISTEN, and KOH, Circuit Judges.

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Thomas Joseph Goddard appeals pro se from the district court's order dismissing the declaratory and injunctive relief claims and staying the damages claims in Goddard's action alleging federal and state law claims in connection with his ongoing state criminal proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bean v. Matteucci*, 986 F.3d 1128, 1132 (9th Cir. 2021) (abstention determination under *Younger v. Harris*, 401 U.S. 37 (1971)); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)). We affirm.

The district court properly dismissed Goddard's claims for declaratory and injunctive relief and stayed Goddard's claims for damages under the *Younger* abstention doctrine because Goddard's state court criminal action was ongoing, the proceedings implicate important state interests, there was an adequate opportunity for Goddard to litigate his claims in those proceedings, and the relief requested would enjoin or have the practical effect of enjoining the ongoing state proceedings. *See Bean*, 986 F.3d at 1133 (setting forth requirements for *Younger* abstention); *Herrera v. City of Palmdale*, 918 F.3d 1037, 1042-43 (9th Cir. 2019) (explaining that, when abstaining under *Younger*, the district court should dismiss claims for declaratory and injunctive relief and stay claims for damages pending resolution of the state court proceedings). Goddard also failed to show that an exception to *Younger* applies. *See Bean*, 986 F.3d at 1133 ("[F]ederal courts do not

invoke [*Younger*] if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." (citation and internal quotation marks omitted)); *see also id.* at 1132 ("We conduct the *Younger* analysis in light of the facts and circumstances existing at the time the federal action was filed." (citation and internal quotation marks omitted)).

To the extent Goddard appeals the district court's denial of preliminary injunctive relief, the appeal is moot. *See Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 730-31 (9th Cir. 2017) (explaining that if a case is properly dismissed on *Younger* grounds, there is no need to reach the merits of a preliminary injunction denial); *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (explaining that, when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**