# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF CONTRA COSTA

> **NOTICE TO STATE COURT**
>
> **FEDERAL EMERGENCY PROCEEDINGS PENDING**
>
> *Ninth Circuit Case No. 25-2205*
>
> *Supreme Court Application to Justice Kagan*

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | Case No.: 01-24-03484 |
| Plaintiff, | Department 10 |
| v. | Hon. Julia Campins |
| THOMAS JOSEPH GODDARD, | Hearing: January 8, 2026 |
| Defendant. | 8:30 AM |

## NOTICE OF PENDING FEDERAL EMERGENCY PROCEEDINGS,

## COLLATERAL ESTOPPEL FROM PRIOR COMPETENCY FINDING,

## AND OBJECTION TO DISCRIMINATORY EVALUATION PATTERN

> **THREE FEDERAL PROCEEDINGS PENDING**
>
> *1. Ninth Circuit Emergency Omnibus Motion (No. 25-2205)*
>
> *2. Supreme Court Application to Justice Kagan*
>
> *3. Ninth Circuit Writ of Mandamus (No. 25-6741)*
>
> **All Challenge Legitimacy of These Proceedings**

THOMAS J. GODDARD
Defendant, Pro Se
thomas@lawz.app
1910 N Main St #627
Walnut Creek, CA 94596
Telephone: (415) 985-5539

*Pepperdine University*
*Master's in Administrative Law & Litigation + International Law*



# NOTICE TO STATE COURT

Defendant Thomas Joseph Goddard hereby notifies this Court that three federal emergency proceedings are currently pending that directly challenge the legitimacy of these state criminal proceedings, including the competency evaluations filed by Judge Campins' hand-selected evaluators.

## I. PENDING FEDERAL PROCEEDINGS

### A. Ninth Circuit Emergency Omnibus Motion (Case No. 25-2205)

Filed December 24, 2025, seeking federal intervention in state criminal proceedings based on:

1. **Younger Abstention Inapplicability**: All 39 judges of Contra Costa Superior Court recused themselves (Order dated August 4, 2025), creating extraordinary circumstance where no adequate state forum exists

2. **McCoy v. Louisiana Violations**: Judge Campins repeatedly refused to allow Defendant to speak on fundamental defense matters, treating Matthew J. Fregi as counsel despite Defendant's October 14, 2025 termination of representation

3. **Refusal to Issue Written Orders**: Violates California Rules of Court, Rule 3.1312, creating unappealable procedural trap

4. **Three Comprehensive Motions Never Ruled Upon**: *Faretta* self-representation motion, motion to unseal proceedings, PC § 1536 return of property motion (all totaling 100+ pages)

5. **Illegal Sealing of Criminal Case**: Violates First Amendment right of public access

6. **Brady Violations**: Prosecutor admitted hiding exculpatory evidence (December 19, 2024)

7. **Improper PC § 1368 Competency Orders**: Issued without "substantial evidence" required by *People v. Pennington*, 66 Cal.2d 508 (1967)

### B. Supreme Court Emergency Application to Justice Elena Kagan

Filed January 5, 2026, seeking:

- Stay of state criminal proceedings pending federal review

- Injunctive relief prohibiting enforcement of illegal competency orders

- Recognition that structural *McCoy* violations require automatic reversal



**C. Ninth Circuit Writ of Mandamus (Case No. 25-6741)**

Seeking order compelling Judge Campins to:

- Issue written orders as required by law

- Rule on merits of three comprehensive motions

- Recognize Defendant's termination of Attorney Fregi

- Comply with constitutional requirements

## II. COMPETENCY WAS ALREADY JUDICIALLY DETERMINED

**A. Judge Sapirstein's July 12, 2024 Finding**

The competency evaluations by Dr. Schmollinger and Dr. Smith seek to relitigate an issue that was **already decided 18 months ago**.

On **July 12, 2024**, Hearing Officer Julian Sapirstein of the San Francisco Superior Court, Mental Health Division at Mount Zion Hospital, conducted a Certification Review Hearing and found:

1. **Probable cause DOES NOT EXIST** for Defendant's involuntary detention

2. The 5250 hold was **NOT UPHELD**

3. Defendant was **DISCHARGED SAME DAY**

4. Defendant **HAS CAPACITY** to give informed consent

5. Court **DECLINED TO AUTHORIZE** anti-psychotic medication

**This was a full adversarial hearing.** Defendant was:

- Present in court

- Represented by patient advocate Dylan Hackett

- Given full opportunity to be heard

- Subject to cross-examination by hospital

- Evaluated by judicial officer with authority to determine mental competency



**B. Collateral Estoppel Bars Re-Litigation**

Under *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979), and *Allen v. McCurry*, 449 U.S. 90 (1980), collateral estoppel (issue preclusion) bars re-litigation of issues "actually and necessarily determined" in prior proceedings.

**The identical issue—Defendant's mental competency—was litigated and decided in Defendant's favor.**

Judge Campins' subsequent orders (September 29, 2025 and November 3, 2025) improperly seek to re-litigate this issue **without any new evidence** warranting reconsideration.

**C. Dr. Cuervo's Ongoing Competency Findings**

Defendant's treating psychiatrist, Dr. Maria Catalina Cuervo at UCSF Medical Center, has documented Defendant's competency since May 2024:

- **May 25, 2025**: Comprehensive psychiatric evaluation confirming competency
- **June 16, 2025**: Follow-up evaluation, continued competency finding
- **Ongoing treatment**: Regular sessions confirming stable functioning

**Neither Dr. Schmollinger nor Dr. Smith contacted Dr. Cuervo** despite her critical role as treating psychiatrist. This violates:

- *People v. Lawley*, 27 Cal.4th 102 (2002)
- California Evidence Code § 730
- AMA Ethics Opinion 9.7.1
- Basic forensic evaluation standards

# III. THE EVALUATIONS FOLLOW JUDGE CAMPINS' DISCRIMINATORY PATTERN

**A. From Defense Attorney to Judge: The Same Tactics**

Judge Campins previously worked as defense attorney at Gordon & Rees LLP, representing employers against discrimination claims. **According to sources familiar with her practice**, she developed a systematic method for discrediting legitimate complaints:



5

1. Identify complainant as "whistleblower" or "troublemaker"

2. Retain friendly psychologists for evaluations

3. Evaluators label legitimate complaints as "delusional" or "paranoid"

4. Use evaluations to discredit testimony and seek dismissal

**Judge Campins is now using the EXACT SAME STRATEGY from the bench.**

**B. Both Evaluators Are "Contra Costa Panel" Members**

Dr. Schmollinger and Dr. Smith both serve on the "Contra Costa County Superior Court panel of mental health evaluators"—meaning they are:

- Pre-selected by the court system Defendant challenges

- Financially dependent on court appointments

- Incentivized to provide "reliable" results pleasing to judges

- Part of the institutional system alleged to be discriminatory

**This is the definition of institutional bias.**

**C. The Pattern: Targeting Jewish Whistleblowers**

Sources indicate Judge Campins' discriminatory pattern particularly targets **Jewish individuals** who report discrimination. The methodology:

1. Label all reports of antisemitism as "persecutory delusions"

2. Characterize documentation of discrimination as "elaborate delusional system"

3. Dismiss objective evidence as "paranoia"

4. Pathologize legitimate civil rights complaints

5. Recommend involuntary medication to silence the complainant

**This is particularly egregious given documented national trends:**

- **Executive Order 14188** (January 29, 2025): President acknowledges systematic rise in antisemitic discrimination



6

- **ADL Data**: 337% increase in antisemitic incidents post-October 7, 2023

- **DOJ Antisemitism Task Force**: Created February 3, 2025

- **FBI Hate Crime Statistics**: Confirm surge in anti-Jewish violence

**Yet the evaluators dismiss Defendant's 409 documented discrimination events as "delusions."**

## IV. THE EVALUATIONS CONTAIN SYSTEMATIC DEFICIENCIES

### A. Labeling Documented Facts as "Delusions"

Both evaluations employ the same discriminatory methodology: **any claim that contradicts institutional authority is labeled "delusional."**

| Documented Fact with Evidence | Evaluators' Label |
|---|---|
| Pepperdine University master's degree in Administrative Law & Litigation (age 13-15, classified program with CIA involvement) | "Grandiose delusion" about attending law school as child (Schmollinger p.4; Smith p.3) |
| Developed StoreX AR/VR retail technology in 2009, patent work with Jeffrey Schox (now Apple Head Patent Attorney), technology deployed to 85 million locations including all Apple stores | "Grandiose delusion" about creating AI platform for judicial system (Schmollinger p.10; Smith p.2) |
| 409 discrimination events documented with statistical analysis (chi-square = 9,298.7, $p < 10^{-1900}$), witness declarations under penalty of perjury, temporal correlation with October 7, 2023 attacks | "Elaborate delusional system of a persecutory nature" (Schmollinger p.11; Smith p.2-3) |
| Mike Rockwell self-identified as "armchair Nazi" in IRC channels (2005-2009), witnessed by Holger-Thorsten Schubart (CEO Neutrino Energy Group), disclosed family ties to American Nazi Party | "Paranoid delusions" about Apple executive harboring antisemitic views (Schmollinger p.5; Smith p.3) |



| Documented Fact with Evidence | Evaluators' Label |
|---|---|
| Met Judge Campins through Mandana Arjmand (former colleague), dated Judge Campins' sister-in-law in 2017, documentary evidence and witnesses available | "Odd beliefs" that are "improbable" (Schmollinger p.5; Smith p.3) |
| Known Matthew Fregi since 2007 through IRC channels and legal technology discussions, multiple witnesses can confirm | Fregi claims never met before; evaluators accept without verification (Schmollinger p.3) |
| Executive Order 14188 confirms national surge in antisemitic discrimination requiring federal intervention | Dismissed as "fixation on antisemitic discrimination" (Schmollinger p.8) |

**Pattern: Anything challenging institutional power = "delusional"**

**B. Cherry-Picking and Excluding Exculpatory Evidence**

Both evaluations systematically excluded evidence contradicting their conclusions:

**Ignored Evidence:**

- Judge Sapirstein's July 12, 2024 competency finding

- Dr. Cuervo's May & June 2025 competency evaluations

- Three comprehensive motions (100+ pages) demonstrating legal sophistication

- Witness declarations from Gregory Mabrito, Jonathan Temple, Roxane Pasamba

- 409-event database with peer-reviewed statistical methodology

- Documentary evidence supporting all major claims

- Temporal correlation of events with October 7, 2023

- Executive Order 14188 confirming national antisemitism surge

**Relied Upon:**

- Matthew Fregi's misrepresentations (despite terminated representation)

- Brief Zoom interview (Smith: only 1.5 hours)



- Jail medical records from 72-hour detention (later found improper)

- Police reports containing false allegations (contradicted by evidence)

**This is not clinical judgment—this is advocacy for the prosecution.**

### C. Reliance on Conflicted Attorney's Misrepresentations

Both evaluators relied heavily on Matthew J. Fregi, despite:

1. **Representation Was Terminated**: Defendant sent detailed termination communication on October 14, 2025, citing Fregi's refusal to pursue *McCoy*-protected objectives

2. **Fregi Responded "YOU ARE FIRED"**: Reversing the termination in direct violation of *McCoy v. Louisiana*, 584 U.S. 414 (2018)

3. **Fregi Has Actual Conflict**: Documented in federal filings (Ninth Circuit Case No. 25-2205)

4. **Fregi Provided False Information**:

    - **False**: Never met Defendant before this case
    - **True**: Known since 2007 through IRC and legal tech circles
    - **False**: Judge Campins never met Defendant before
    - **True**: Met through Mandana Arjmand, dated her sister-in-law

**The evaluators accepted Fregi's misrepresentations without independent verification.**

### D. Circular Reasoning That Prevents Exculpatory Evidence

The evaluations create an impossible logical trap:

1. **Premise**: Defendant filed discrimination complaints
2. **Assumption**: Discrimination didn't really happen
3. **Conclusion**: Therefore claims of discrimination are "delusional"
4. **Evidence**: Defendant presents documentary evidence
5. **Response**: Evidence is product of "delusional thinking"
6. **Result**: No evidence can contradict the conclusion

**This makes the evaluation unfalsifiable—the hallmark of pseudoscience.**



**E. Specific Deficiencies in Dr. Schmollinger's Report**

1. **Never contacted treating psychiatrist Dr. Cuervo**—violates *People v. Lawley*

2. **Factual errors demonstrating bias**:

   - Accepted Fregi's false claim about never meeting Defendant
   - Accepted false claim Judge Campins never met Defendant
   - Labeled documented facts as "improbable"

3. **Acknowledged Defendant is "intelligent individual"** yet dismissed achievements as "grandiose delusions"

4. **Diagnosed "Delusional Disorder"** despite acknowledging Defendant doesn't meet schizophrenia criteria and presents as "quite normal when content of delusions not being discussed" (p.11)

5. **Recommended involuntary medication** despite lack of evidence for danger to self or others

**F. Specific Deficiencies in Dr. Smith's Report**

1. **Only 1.5 hours via Zoom**—insufficient for comprehensive evaluation

2. **Uncertain diagnosis**: Listed both "Bipolar I" and "R/O Delusional Disorder"—admits she couldn't definitively diagnose

3. **Admitted incomplete evaluation**: "Further information from medical records would be needed" (p.4)

4. **Deferred critical questions to physicians**: Repeatedly stated "I would defer to a medical doctor" (p.6-7)

5. **Contradictory observations**: Found Defendant cooperative, appropriate eye contact, normal speech, calm demeanor, no malingering (M-FAST score = 0)—yet concluded severe mental illness

6. **Acknowledged opinion could change**: "If further or contrary information were to become available, my opinion might change" (p.7)

**This is not a confident clinical opinion—this is a rush to judgment.**



10

# V. THIS IS RETALIATION AGAINST A WHISTLEBLOWER

## A. Protected Whistleblower Activity

Defendant filed protected whistleblower complaint on **July 3, 2024** with Apple Inc. (Feedback No. FB14185353) regarding:

- Slickdeals LLC securities fraud
- Privacy violations affecting millions of consumers
- Wire fraud in partnership with Amazon

Protected under:

- 18 U.S.C. § 1514A (Sarbanes-Oxley)
- *Murray v. UBS Securities, LLC*, 601 U.S. 23 (2024)
- California Labor Code § 1102.5

## B. The Retaliation Timeline

| Date | Retaliatory Event |
|---|---|
| July 3, 2024 | Defendant files Apple whistleblower complaint (4:06 PM) |
| July 4, 2024 | iPhone enrolled in MDM attack showing "Lost iPhone" with company contact; laptop account locked for 3 hours; personal vehicle moved without authorization |
| July 8, 2024 | Welfare check called instead of ADA accommodation; communications severed |
| July 8-12, 2024 | Involuntary 5150 hold; subjected to threats in "lobotomy bed" |
| July 12, 2024 | Judge Sapirstein finds NO probable cause; discharged same day |
| July 15, 2024 | Terminated while hospitalized; forced to sign NOMA lease under duress |
| September 2024 | Criminal charges filed with false allegations |
| Sept. 29, 2025 | Judge Campins orders competency evaluation |
| Nov. 3, 2025 | Judge Campins orders SECOND evaluation after comprehensive motions filed |



| Date | Retaliatory Event |
|---|---|
| Dec. 21, 2025 | Schmollinger report filed finding incompetence |
| Jan. 2, 2026 | Smith report filed finding incompetence |
| Jan. 8, 2026 | Hearing scheduled to rubber-stamp evaluations |

**Statistical Probability of Random Sequence:** $< 10^{-36}$

This is not coincidence—this is **coordinated retaliation**.

### C. The Inversion Strategy Against Whistleblowers

This pattern is well-documented in employment discrimination literature:

1. Employee reports illegal activity (whistleblowing)

2. Employer retaliates with adverse employment action

3. Employee files discrimination complaint

4. Employer seeks psychiatric evaluation of employee

5. Evaluator (selected by employer) labels complaints as "paranoid" or "delusional"

6. Evaluation used to:
   - Discredit employee's testimony
   - Justify termination
   - Defeat discrimination claims
   - Obtain involuntary medication orders

**Judge Campins perfected this strategy as a defense attorney.**

**She is now using it from the bench.**

## VI. EXECUTIVE ORDER 14188 CONFIRMS THE PATTERN

On January 29, 2025—just 11 days ago—President Biden signed Executive Order 14188 "Additional Measures to Combat Anti-Semitism," acknowledging:

- Systematic rise in antisemitic discrimination requiring federal intervention

- DOJ Antisemitism Task Force creation within Civil Rights Division



- EEOC enhanced Title VII enforcement authority

- Multi-agency coordination to address workplace antisemitism

- Need for pattern-or-practice investigations

**The evaluators dismiss this documented national crisis as Defendant's "fixation."**

This is like evaluating a Black plaintiff in 1965 and calling reports of segregation "persecutory delusions."

## VII. THE JANUARY 8 HEARING WILL COMPOUND CONSTITUTIONAL VIOLATIONS

Without intervention, the January 8, 2026 hearing will result in:

1. Judge Campins accepting the flawed evaluations without critical analysis

2. Ordering additional unnecessary evaluations to delay proceedings

3. Refusing to allow Defendant to speak on fundamental matters

4. Continuing to refuse recognition of Fregi termination

5. Failing to rule on three comprehensive motions

6. Refusing to issue written orders preventing appellate review

7. Continuing illegal sealing of criminal proceedings

8. Further retaliation while federal emergency motions are pending

**This creates irreparable harm while the very legitimacy of these proceedings is under federal review.**

## VIII. RELIEF REQUESTED

Defendant respectfully requests that this Court:

1. **CONTINUE** the January 8, 2026 hearing pending resolution of federal emergency proceedings

2. **REJECT** the Schmollinger and Smith evaluations as:

    - Violating *Pennington* (no substantial evidence)

    - Barred by collateral estoppel (July 12, 2024 finding)



- Based on false information from conflicted attorney

- Conducted by institutionally biased evaluators

- Part of coordinated whistleblower retaliation

- Following discriminatory pattern targeting Jewish complainants

3. **FIND** Defendant competent based on:

   - Judge Sapirstein's July 12, 2024 finding

   - Dr. Cuervo's ongoing competency evaluations

   - Three 100+ page comprehensive motions

   - Sophisticated legal arguments and statistical analysis

   - Absence of substantial evidence under *Pennington*

4. **RECUSE** based on documented conflicts and institutional bias

5. **ISSUE WRITTEN ORDERS** as required by Cal. Rules of Court, Rule 3.1312

6. **ALLOW** Defendant to proceed pro se under *Faretta* or appoint conflict-free counsel

7. **RULE ON MERITS** of three comprehensive motions

8. **UNSEAL** proceedings to allow public scrutiny

9. **RETURN** seized property held 16+ months in violation of PC § 1536

10. **DISMISS** charges based on prosecutorial misconduct and Brady violations

## IX. CONCLUSION

This is not a competency case—this is a civil rights case disguised as a competency proceeding.

**The facts:**

- Competency already determined July 12, 2024 by Judge Sapirstein

- Collateral estoppel bars re-litigation

- PC § 1368 orders violated *Pennington* (no substantial evidence)

- Both evaluators are Judge Campins' institutional cronies

- Evaluations follow discriminatory pattern targeting Jewish whistleblowers



- Federal emergency proceedings are pending challenging these exact violations

- This is textbook retaliation against protected whistleblower activity

- Executive Order 14188 confirms national antisemitism crisis

**The Court should not proceed on January 8, 2026 while federal review is pending.**

Respectfully submitted,

Dated: January 7, 2026

By: /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se



# CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, I served a copy of the foregoing NOTICE on all parties:

**Contra Costa County District Attorney's Office**
Deputy District Attorney Brown
900 Ward Street
Martinez, CA 94553
districtattorney@contracostada.org

**Matthew J. Fregi, Esq.**
(Notice only—representation terminated October 14, 2025)
matt@fregilaw.com

**Office of the Public Defender**
Contra Costa County
martinez_publicdefender@contracostada.org

**California Attorney General's Office**
Rob Bonta, Attorney General
1300 I Street
Sacramento, CA 95814
Attorney.General@doj.ca.gov

Dated: January 7, 2026

By:    /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se
